IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-344-D
No. 5:19-CV-392-D

| | |
|---|---|
| TYRELL ELIZA WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On September 9, 2019, Tyrell Eliza Watson ("Watson") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 138-month sentence [D.E. 45]. On December 13, 2019, the government moved to dismiss Watson's motion [D.E. 51] and filed a memorandum in support [D.E. 52]. On January 2, 2020, Watson responded and moved for an out of time appeal [D.E. 55]. As explained below, the court grants the government's motion to dismiss, dismisses Watson's section 2255 motion, and denies Watson's motion for an out of time appeal.

I.

On May 31, 2018, pursuant to a plea agreement, Watson pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a quantity of a mixture and substance containing a detectable amount of cocaine base (crack), and a quantity of a mixture and substance containing a detectable amount of cocaine (count one), and possession of a firearm in furtherance of a drug trafficking crime (count fourteen). See [D.E. 28, 29]. On September 5, 2018, the court held Watson's sentencing hearing. See [D.E. 37]. The court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 33], and calculated Watson's advisory guideline range on count one to be 70 to 87 months'

imprisonment and 60 months' consecutive imprisonment on count fourteen. See [D.E. 40] 1. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Watson to 78 months' imprisonment on count one and 60 months' consecutive imprisonment on count fourteen. See [D.E. 39] 2. Watson did not appeal.

In Watson's section 2255 motion, Watson contends that: (1) he his actually innocent of conspiracy; (2) his lawyer failed to tell him that a confidential informant could not be a coconspirator and the undercover buys could not serve as a basis of a conspiracy; (3) there is no factual basis for his conspiracy conviction; and (4) his attorney failed to investigate the case properly. See [D.E. 45] 4–7. In his motion for an out of time appeal, Watson contends that his lawyer "never explained the appeal process or other pertinent details involving this case," and "coerced him." [D.E. 55] 1.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may

2

consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Watson procedurally defaulted his claims concerning his conspiracy conviction and coercion by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Watson from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Watson has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from these alleged errors. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Accordingly, the claims fail.

As for Watson's ineffective assistance of counsel claim, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in

3

mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Watson must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

As for trial counsel's alleged failure to investigate or to coerce him, the claims fail. During Watson's Rule 11 proceeding, Watson swore that he understood the charges to which he was pleading guilty. Watson also swore that he was fully satisfied with his lawyer's legal services, that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire

4

agreement that he had with the government and that nobody had threatened him or forced him in anyway to plead guilty. Watson also swore that he understood that the court could sentence him up to the statutory maximum on each count of conviction, and that if the court did so, Watson could not withdraw his guilty plea. Watson also swore that he understood the appeal waiver in his plea agreement. See [D.E. 28].

Watson's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Watson's plea was knowing and voluntary and that Watson admitted to committing the charged crimes. Watson's sworn statements also show that Watson understood that, even if he received a statutory-maximum sentence on the counts of conviction, he could not withdraw his guilty plea and would not be able to go to trial. Accordingly, Watson has not plausibly alleged "that, but for counsel's [alleged] unprofessional error[s], the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Simply put, Watson would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Moreover, as for Watson's appellate rights, this court explained those rights at his Rule 11 hearing and his sentencing. Thus, Watson cannot show prejudice and the claims fail.

Alternatively, the claims concerning counsel's performance fail. Defense counsel's investigation was adequate and falls within the wide range of professional performance. See, e.g., Strickland, 466 U.S. at 691 ("The reasonableness of counsel's action may be determined or substantially influenced by the defendant's own statements or action. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information

5

supplied by the defendant."); cf. Florida v. Nixon, 543 U.S. 175, 187 (2004) (explaining that the defendant has the ultimate authority to decide whether to plead guilty). Here, Watson admitted to committing the counts, and a factual basis existed for his guilty plea. Cf. United States v. Gomez-Jimenez, 750 F.3d 370, 378–79 (4th Cir. 2014); United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009); United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993). Moreover, Watson's PSR contains the factual basis for Watson's guilty plea. See PSR [D.E. 33] ¶¶ 12–18.

There was no deficient performance. The PSR makes clear that Watson conspired with individuals other than the confidential informant, that the conspiracy involves more than simply the undercover buys, that a factual basis exists for the conspiracy, and that Watson's attorney adequately investigated the case. See id. Moreover, Watson's Rule 11 hearing made clear that counsel did not coerce him.

As for Watson's motion for an out of time appeal, the court denies the motion. This court explained the appeal process during the Rule 11 hearing and after sentencing Watson. Watson did not timely appeal, and the court denies Watson's motion to appeal as meritless. See Fed. R. App. P. 4(b)(4); United States v. Branch, 803 F. App'x 714, 715 (4th Cir. 2020) (per curiam) (unpublished).

After reviewing the claims presented in Watson's motions, the court finds that reasonable jurists would not find the court's treatment of Watson's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 51], DISMISSES

6

Watson's section 2255 motion [D.E. 45], DENIES Watson's motion for out of time appeal [D.E. 55], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _7_ day of August 2020.

JAMES C. DEVER III
United States District Judge

7

Case 5:17-cr-00344-D   Document 56   Filed 08/07/20   Page 7 of 7